IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE MENDOZA, (TDCJ-CID #1223739) | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION H-10-4327 |
| RICK THALER, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Mike Mendoza, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a 2003 murder conviction in the Texas state court. Based on a careful review of the petition and the applicable law, this case is dismissed for failure to exhaust state court remedies. The reasons are explained in detail below.

**I.   Background**

A jury in the 262nd Judicial District Court of Harris County, Texas found Mendoza guilty of the felony offense of murder. (Cause Number 952290). On July 23, 2003, the jury sentenced Mendoza to life in prison. The First Court of Appeals affirmed his conviction on November 10, 2004. He did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Mendoza states that, based on evidence from his state criminal case, he was charged in a federal indictment. On February 8, 2007, a federal grand jury in the Southern District of Texas, Houston Division, returned a multi-count indictment against Mendoza and several other defendants. The indictment alleged conspiracy to commit murder and attempted murder and violent acts in aid of racketeering by prison gang members, prospects, and associates of the Texas Syndicate. The 11-

count indictment named Mendoza (a.k.a. Barney) in Counts 5 and 6. Count 5 charged conspiracy to murder a "Pelly Rats" gang member from September 14, 2002 through December 18, 2002. Count 6 charged attempted murder in aid of racketeering on December 18, 2002. On April 6, 2009, Mendoza entered a guilty plea to Count 6. In a judgment entered on October 15, 2009, the federal district court sentenced Mendoza to serve 120 months in prison concurrently with the state-court sentence.

Mendoza states that in August 2009, he filed a state habeas application challenging his 2003 murder conviction. He based the application on newly discovered evidence introduced in the federal proceeding. (Docket Entry No. 1, Federal Petition, p. 1). On-line research shows that Mendoza did not file any applications for state habeas corpus relief in the Texas Court of Criminal Appeals. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/opinions. He did file two petitions for writs of mandamus. The first was filed on September 10, 2010 and denied on October 6, 2010. The second was filed on January 10, 2011 and is still pending before the Texas Court of Criminal Appeals.

On November 1, 2010, this court received Mendoza's federal petition. The petition was filed on October 29, 2010, when Mendoza gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).

Mendoza presents the following grounds for invalidating his conviction:

  (1) newly discovered evidence shows his actual innocence;

  (2) he was denied representation by his counsel of choice;

  (3) trial counsel was unfamiliar with the case and failed to seek a continuance;

  (4) counsel failed to object to inflammatory comments during voir dire;

(5) counsel failed to ensure that Hispanic members of the community served on the jury;

(6) counsel failed to request a jury instruction on accomplice witness testimony;

(7) counsel failed to interview eyewitnesses;

(8) counsel failed to call expert witnesses;

(9) counsel failed to impeach witnesses with prior inconsistent statements;

(10) counsel failed to challenge the DNA evidence;

(11) counsel failed to confront a witness;

(12) counsel failed to suppress evidence;

(13) counsel failed to suppress a coerced confession;

(14) counsel failed to object to hearsay;

(15) counsel failed to object to prosecutorial misconduct;

(16) counsel failed to object to the prosecutor's closing argument;

(17) counsel failed to present mitigating evidence during the punishment phase of trial; and

(18) counsel failed to request a jury instruction on sudden passion.

(Docket Entry No. 5, Petition for Writ of Habeas Corpus, pp. 7-14). The threshold issue is whether this case may proceed or must be dismissed for failure to exhaust state-court remedies.

## II.   Analysis

Prisoners suing under § 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999);

*Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A state prisoner must exhaust available state court remedies before seeking federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). To exhaust, a prisoner must "fairly present" all his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998) (citing *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982)).

A federal court may raise on its own a petitioner's failure to exhaust state law remedies, as long as the petitioner is given notice and an opportunity to respond to the exhaustion issue. *Kurtzemann v. Quarterman*, 2009 WL 113781 (5th Cir. 2009); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citing *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996)). A federal court may dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief, *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

In an order entered on January 25, 2011, this court directed Mendoza to file a written statement by February 25, 2011, explaining why this court should not dismiss his petition for failure to exhaust available state court remedies. 28 U.S.C. § 2254(b) and (c). This court instructed Mendoza to set forth, in writing, grounds to support an argument that his claims are not subject to dismissal for failure to exhaust. (Docket Entry No. 6). Mendoza filed his written statement on February 7, 2011. (Docket Entry No. 7).

Mendoza filed a state habeas application on August 31, 2009 challenging his conviction in Cause Number 952290. The trial court entered an order designating issues on September 17, 2009. Mendoza filed a supplement to his state habeas application on May 19, 2010 and filed a memorandum on December 2, 2010. http://www.hcdistrictclerk.com/eDocs/Public/Search.aspx. Mendoza filed a second state habeas application on December 27, 2010 again challenging his conviction in Cause Number 952290. The trial court entered an order designating issues on January 21, 2011. Trial counsel filed an affidavit about his representation on January 27,

2011. Mendoza filed a rebuttal on February 9, 2011. (*Id.*). On-line research reveals that this application is pending in the state court.

It is not clear why Mendoza failed to mention that he had filed a second state habeas application that is currently before the state court. Mendoza has neither alleged nor presented support for an exception to the exhaustion requirement. Texas law allows Mendoza to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed, without prejudice, for failure to exhaust state court remedies.

## III.   Conclusion

This case is dismissed. Any remaining pending motions are denied as moot. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). When, as here, a district court has denied relief based on procedural grounds without reaching the prisoner's underlying constitutional claim, a prisoner must show, at least, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Mendoza has not made the necessary showing. This court will not issue a COA.

SIGNED on February 14, 2011, at Houston, Texas.

                                                    Lee H. Rosenthal
                                       United States District Judge